Filed 3/25/13  P. v. Agasihorn CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Amador)

----

| | |
|---|---|
| THE PEOPLE, | C070535 |
| Plaintiff and Respondent, | (Super. Ct. No. 11CR18594) |
| v. | |
| CODY AGASIHORN, | |
| Defendant and Appellant. | |

Defendant Cody Agasihorn pleaded guilty to felony leaving the scene of an accident (Veh. Code, § 20001, subds. (a), (b)(1)) with a stipulated term of 16 months in county jail to be served concurrently with a three-year county jail term previously imposed in Calaveras County Case No. F4550.

The trial court later indicated that a felony violation of Vehicle Code section 20001, subdivision (a) was not subject to the provisions of Penal Code section 1170, subdivision (h), but was instead punishable by confinement in state prison.  After briefing and argument on the matter, the trial court ruled that defendant could not be sentenced to county jail and was subject to state prison.  Defendant declined the trial court's invitation

1

to withdraw his plea, and the trial court sentenced him to a 16-month state prison term concurrent to the three-year county prison term in Calaveras County Case No. F4550.

On appeal, defendant contends the trial court was without authority to impose a state prison rather than a county jail term. We affirm the judgment.

DISCUSSION

We need not set forth the facts underlying defendant's offense because they are unnecessary to the resolution of the issue defendant raises on appeal.

Defendant contends the trial court should have imposed a county jail term pursuant Penal Code section 1170, subdivision (h), because his offense was neither pleaded nor proved as a serious felony.

Penal Code section 1170, subdivision (h) states in pertinent part: "(h) (1) Except as provided in paragraph (3), a felony punishable pursuant to this subdivision where the term is not specified in the underlying offense shall be punishable by a term of imprisonment in a county jail for 16 months, or two or three years. [¶] (2) Except as provided in paragraph (3), a felony punishable pursuant to this subdivision shall be punishable by imprisonment in a county jail for the term described in the underlying offense." These provisions do not apply if the defendant has a current or prior serious or violent felony conviction, is required to register as a sex offender, or is subject to an enhancement under Penal Code section 186.11. (Pen. Code, § 1170, subd. (h)(3).)

Vehicle Code section 20001, subdivision (a) makes it a crime to leave the scene of an accident when another person is injured. Subdivisions (b)(1) and (2) set forth the punishment for leaving the scene of an accident as follows: "(1) Except as provided in paragraph (2), a person who violates subdivision (a) shall be punished by imprisonment in the state prison, or in a county jail for not more than one year, or by a fine of not less than one thousand dollars ($1,000) nor more than ten thousand dollars ($10,000), or by both that imprisonment and fine. [¶] (2) If the accident described in subdivision (a)

2

results in death or permanent, serious injury, a person who violates subdivision (a) shall be punished by imprisonment in the state prison for two, three, or four years, or in a county jail for not less than 90 days nor more than one year, or by a fine of not less than one thousand dollars ($1,000) nor more than ten thousand dollars ($10,000), or by both that imprisonment and fine. However, the court, in the interests of justice and for reasons stated in the record, may reduce or eliminate the minimum imprisonment required by this paragraph."

Defendant admits that if he had been sentenced under Vehicle Code section 20001, subdivision (b)(2), then he would be excluded from county prison under Penal Code section 1170, subdivision (h). According to defendant, the relevant statutory language of the provision he was sentenced under, Vehicle Code section 20001, subdivision (b)(1), "shall be punished by imprisonment in the state prison, or in a county jail for not more than one year," does not provide an exception to Penal Code section 1170, subdivision (h). Defendant notes that this offense does not come under any of the exceptions listed in section 1170, subdivision (h)(3), and is not among the other felonies not subject to county prison sentences as set forth in an attachment to defendant's trial brief. We note that the attachment, and an excerpt from a paper titled "Prosecutor's Analysis of 2011 Criminal Justice Realignment," lists felonies not subject to county prison sentences and does not list Vehicle Code section 20001. However, the paper also correctly states: "**This list is not exhaustive**[.]" (Original bold face.)

Vehicle Code section 20001, subdivision (b)(1) does not state that the crime is punished pursuant to Penal Code section 1170, subdivision (h). By its terms, it is punished as a felony by an unspecified term of imprisonment. Penal Code section 18 states in pertinent part: "Except in cases where a different punishment is prescribed by any law of this state, every offense declared to be a felony is punishable by imprisonment for 16 months, or two or three years in the state prison unless the offense is punishable pursuant to subdivision (h) of Section 1170." Since defendant's crime did not provide for

sentencing under Penal Code section 1170, subdivision (h), the trial court correctly sentenced him to state prison.

DISPOSITION

The judgment is affirmed.


       HULL       , Acting P. J.


We concur:


      ROBIE       , J.


      HOCH       , J.

4